Memorandum. The order of the Appellate Division should be affirmed, with costs.
An aircraft with a market value of perhaps $180,000 crashed in the course of a landing operation. There was proof that repairs would total at least $158,000, and that the damaged aircraft had a salvage value of some $37,000. Respondent *935 insurers had written a "valued policy” in which the stated value of the insured aircraft was $300,000. Appellant insureds claimed entitlement to the agreed value, less $3,000 deductible and the salvage value, and moved for partial summary judgment in the nature of declaratory relief—to wit, a determination that the insurers "are obliged, under the insurance policy and the relevant law, to consider plaintiffs’ aircraft a total loss if the projected cost of attempting to restore the aircraft to its condition prior to the crash exceeds one-half of the aircraft’s projected value after repairs”.
The insureds do not claim, as indeed they cannot, that there was literally an actual total loss, i.e., that the aircraft was lost beyond recovery or damaged beyond repair, in which event the insurers would have been obligated to pay the full agreed value. Much of the tendered proof was addressed to the liability of the insurers in the event of total loss. This policy made explicit provision, however, as to the extent of the liability of the insurers where the loss was partial:
"3. LIMIT OF LIABILITY: SETTLEMENT OPTIONS: NO ABANDONMENT.
"The liability of the Underwriters for direct physical loss of or damage to the aircraft shall not exceed the amount of insurance [i.e., agreed value by virtue of Endorsement 5] set out in the Declarations, less the applicable deductible, nor what it would cost to repair or replace the aircraft or parts thereof with other of like kind and quality, and without compensation for loss of use. The Underwriters may pay for the loss in money or may repair or replace the aircraft or parts thereof, as aforesaid”.
The insurers take the position that under this provision their liability was limited to "what it would cost to repair * * * the aircraft”, rather than its more-than-double agreed value.
As the predicate for the declaratory judgment they desired, the insureds sought to invoke a doctrine from the field of marine insurance that if the projected cost of attempting to restore an insured vessel to its condition prior to the damage exceeds 50% of the vessel’s projected value after repair, the insured may claim "constructive total loss” and thus become entitled to be paid the face amount of a valued policy (see 31 NY Jur, Insurance, § 1401). In the light of the explicit provisions of paragraph 3 which we hold dispositive, we do not consider or decide whether the 50% rule of marine insurance is to be imported into aircraft insurance.
*936 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.